## ALVA P. POOLE *vs.* WILLIAM F. NYE.
### SAME *vs.* SAME.

Plymouth.    October 19, 1897. — February 25, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Promissory Note — Consideration.*

If the evidence warrants a finding by the jury that the defendant, who is the payee and indorser of a note, was to pay for a building which the plaintiff, the indorsee of the note, was to erect for the maker thereof, and that the indorsement by the defendant was for that purpose, there is a good consideration for the note.

CONTRACT, on two promissory notes, dated June 13, 1893, each for $300, drawn by Harry C. Gaylord to the order of the defendant, and by him indorsed, the first being payable on June 14, 1895, and the second on June 14, 1896. Trial in the Superior Court, before *Wardwell,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff was a contractor and builder, living in Brockton. On May 23, 1893, he made a contract in writing with Gaylord to erect a building called a "Casino" for him at Onset, on land which he had leased from the Onset Bay Grove Association. The building was erected and finished by the plaintiff about July 1, 1893. The plaintiff testified that on the day on which the building was commenced he met the defendant, who was a stranger to him, at the premises, and after some conversation about the location of the building, the defendant stated that he was to pay for the building by advancing the money to Gaylord to pay the plaintiff, and that he trusted Gaylord for the payment.

The defendant's version of this conversation was that about June 10, 1893, after the building had been raised and the roof partly on, he stated to the plaintiff that the building was not on the property leased by Gaylord, and was too far back from the street, and that " Gaylord expects me to help him pay for this building, but I cannot do it if the building is located here."

About the middle of June, 1893, the defendant went away, and did not return home until July 12. On July 17, the plaintiff wrote to the defendant in New Bedford: " I have built a building for Mr. Gaylord of Onset, as you know. He tells me you are to let him have the money on the mortgage. My contract calls for one half the contract when the building is boarded and one half when completed. I have not received any as yet. Will you kindly inform me if you have paid Mr. Gaylord any money ? " The defendant replied on July 18 : " Yours of July 17th at hand, and will say I have been all ready to pay over to Mr. Gaylord the cost of his building at Onset, for the entire month past, had he brought me the necessary conveyance and insurance. I even had my attorney, Mr. T. E. Grover, make the conveyance since my return from the West on the 12th inst., but they have not reached me. I however am hourly expecting them, and as soon as received I will place money with him, and I am sure he will lose no time in securing you."

A mortgage of this building as personal property, and five notes payable at different times, of which those in suit were two, were made by Gaylord to the defendant, dated June 14, 1893, and the mortgage was duly recorded. These were sent to the defendant by mail, but it did not appear just when he received them. The plaintiff and the defendant met a second time on July 29, at Onset, and the plaintiff testified that the defendant complained that the building was set too high, and he thought that the defendant might have said that the building had been changed around so much, and mislocated, that he would not have anything to do with the matter; that he (the defendant) " was short of money at that time and could not advance the money to Gaylord, and wanted me to take the mortgage and notes, and would assign them to me "; that they went to the selectmen's office, and that the mortgage and notes were there assigned, and the notes indorsed. The plaintiff testified that be-

fore the defendant "indorsed the notes he asked me if I wanted new notes, and I told him no, those were all right with his indorsement." The defendant testified that he did not indorse the notes, and that he went to Onset for the first time after his return, as above stated, about June 10, but that he did not see the plaintiff; and that he went again on July 29, and then saw the plaintiff, and said to him, "I am very sorry, Mr. Poole, that this thing has occurred, as I cannot shoulder it. The building is not on the lot that I obtained a lease of for Mr. Gaylord. Here is a loss, and I cannot assume it with my eyes open." The plaintiff said, "You hold a mortgage for this building?" and the defendant said, "Yes, but you may have that and welcome; I will go right up to the town clerk's office with you and have it assigned." The defendant denied saying that he was short of money, and testified that they went to the town offices and the mortgage was there assigned and recorded.

It appeared that this mortgage was afterwards duly foreclosed by the plaintiff, and that the defendant bought the building at the foreclosure sale, and that the amount of the proceeds was indorsed upon some of the notes, but not enough was realized to pay them all in full. No question was made as to the application of the money received from the foreclosure sale. On July 18, 1894, before the foreclosure, the plaintiff wrote to the defendant as follows: "For breach of condition of mortgage given to you by Harry C. Gaylord, and assigned to me by you, of building known as Casino, at Onset Bay, in Wareham, said mortgage will be foreclosed and a sale made under the same at 2 o'clock P. M., Saturday, July 21 current. I give you this notice that you may be present and protect your interest, as you are an indorser on the notes for which said mortgage is given as security, and I intend to hold you as such."

The defendant requested the judge to rule that the indorsements were without consideration, and that the verdict must be for the defendant. The judge refused so to rule; and the defendant excepted.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions.

*F. A. Milliken,* for the defendant.

*J. J. Dowd,* for the plaintiff.

MORTON, J. The only question in these cases relates to the refusal of the court to rule, as requested by the defendant, "that the indorsements were without consideration, and that the verdict must be for the defendant."

There was evidence from which the jury might have found that it was understood between the plaintiff and the defendant, when the former began to erect the building, that the latter was to advance the money to pay for it, and that the indorsement of the notes by the defendant was for the purpose of carrying out this arrangement. In other words, the jury might have found that the defendant was to pay for the building which the plaintiff was to erect, and which he did erect, for Gaylord, and that the indorsements were for that purpose. It is clear that under such circumstances there was a consideration for them.

*Exceptions overruled.*